IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

RONALD C. DAVIS,

    Petitioner,

v.                                                Case No. 2:22-cv-00228

DONALD F. AMES, Superintendent,
Mount Olive Correctional Complex,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is Respondent's Motion to Dismiss [ECF No. 18]. By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this motion to the Magistrate Judge is **WITHDRAWN**. However, the matter shall otherwise remain referred to Magistrate Judge Tinsley. For the reasons stated herein, it is hereby **ORDERED** that Respondent's Motion to Dismiss [ECF No. 18] is **DENIED WITHOUT PREJUDICE**.

I.     *RELEVANT PROCEDURAL HISTORY*

A.     Petitioner's state court criminal proceedings, Case No. 10-F-89.

In September of 2011, following a seven-day jury trial, Petitioner was convicted of murder and arson in the death of Cathy Parsons ("Parsons"). *State v. Davis*, 752 S.E.2d 429, 435-37 (W. Va. 2013) (hereinafter "*Davis I*"). He was sentenced to life

imprisonment without mercy on the murder count and a consecutive 20-year term of imprisonment on the arson count. *Id.* at 437. During his criminal proceedings, Petitioner was represented by attorneys Kevin Postalwait and Poncho Morris, who were then employed by the Jackson County Public Defender's Office.

The state court decisions indicate that the jury heard testimony from numerous eyewitnesses as well as forensic experts for both parties who testified concerning the origins of the fire and Petitioner's alleged whereabouts when the fire started.[1] The State asserted that, on September 23, 2010, Petitioner barricaded the front door and windows of a mobile home he shared with Parsons and set fire to the home with Parsons stuck inside. Parsons' daughter and son-in-law, who lived next door, reported that they heard pounding and a scream from Parsons' home that night. Parsons' son-in-law allegedly reported to police that he saw Petitioner bend over on the trailer's front porch immediately before a ball of flames shot up over his head. Witnesses at the scene attempted to rescue Parsons, while Petitioner watched, but were unsuccessful. Petitioner also allegedly made comments to the effect that he "burned her alive." When police arrived on the scene, Petitioner gave inconsistent accounts of his whereabouts when the fire started. *Davis v. Ames*, No. 17-0261, 2019 WL 1765252, at *1 (W. Va. Apr. 19, 2019) ("*Davis II*"). [*See also* ECF No. 18, Ex. 6 at 1-2]. Petitioner's defense apparently focused on the motivations of the victims' family

---

[1] The parties have provided copies of relevant briefing and the state court decisions in Petitioner's direct appeal and two rounds of habeas corpus proceedings, as well as the transcript from Petitioner's omnibus hearing. However, the transcript of Petitioner's jury trial and other relevant pre-trial proceedings are not presently part of the record before this court.

to harm her and the inadequacies of the investigation. *State v. Davis*, No. 11-1445 (W.Va. Nov. 21, 2013) ("*Davis I*"). [ECF No. 1, Ex. A at 11].

### B. Petitioner's state court post-conviction proceedings.

Petitioner subsequently pursued a direct appeal and two rounds of habeas corpus proceedings, in which he asserted several claims of ineffective assistance of trial counsel and insufficiency of evidence to support his convictions, among other grounds for relief. During his initial habeas corpus proceedings, in which he was represented by counsel, Andrew Shumate, an omnibus hearing was held where Petitioner and his former counsel, Pancho Morris, testified. [ECF No. 21, Ex. A].

One focus of Mr. Morris's testimony concerned his opinion that the defense should have tested and presented evidence concerning drip marks on Petitioner's boots, which Morris believed were consistent with ash from melting ceiling tiles in the trailer that presumably fell onto his boot while he was laying down. [*Id.* at 7-9, 12-13].[2] Petitioner contended that this "exculpatory evidence" could have been used to corroborate his assertion that he was inside the trailer when the fire started.[3] He further contended that his counsel's failure to investigate and present this evidence fell below an objective standard of reasonableness and prejudiced his defense because it would have demonstrated reasonable doubt of his guilt.

---

[2] The boots were tested for, and demonstrated the presence of, gasoline, which the State argued was evidence that Petitioner started the fire with an accelerant.
[3] According to the SCAWV's opinion in *Davis II* [ECF No. 18, Ex. 6 at 4], Petitioner's counsel addressed this issue in a motion for a new trial. However, details about that motion are not part of the record before this court.

The state courts, however, found that Petitioner did not meet his burden of demonstrating that trial counsel's performance fell below an objective standard of reasonableness, or that the outcome of his proceedings would have been different but for counsel's performance. (ECF No. 18, Ex. 3 at 4). The SCAWV agreed. *Davis II*, 2019 WL 1765252, at *2. [*See also* ECF No. 18, Ex. 6 at 4].[4]

As relevant here, however, Petitioner's amended circuit court petition also asserted that the State's evidence, which was largely based upon witness statements suggesting that the fire was started with the use of accelerants, and Petitioner's alleged drunken statements about the victim burning alive, were insufficient to support his convictions. He further claimed that "police reports were at times inconsistent with the testimony at the actual trial." [ECF No. 18, Ex. 2 at 5].[5] His amended petition also summarily asserted that "the State knowingly used perjured testimony by presenting the testimony of various officers which differed from the information contained in their officials reports." [*Id.* at 6]. However, Petitioner presented no actual evidence in support of these claims during the omnibus hearing. [ECF No. 21, Ex. A]. Nor did his habeas counsel present this claim in the context of ineffective assistance of trial counsel for failing to impeach the officers with their inconsistent statements. [*Id.*]

---

[4] This claim appears to be the subject of Ground 2(a) of Petitioner's amended § 2254 petition and the undersigned **FINDS** that it was properly exhausted through his initial state habeas petition and the appeal therefrom.

[5] The undersigned will cite to the pagination used in the CM/ECF header at the top of each page of the filed documents (*i.e.*, Page ___ of ___), which may differ from the actual document pagination.

During the omnibus hearing, the prosecutor reviewed Petitioner's "*Losh* list"[6] to determine the claims he was pursuing and those he had waived. [ECF No. 21, Ex. A at 20-34]. The circuit court subsequently found that Petitioner "waived all rights except those set forth in the *Losh* list" and that, other than the claims specifically addressed in its order, "Petitioner presented no evidence for the Court to consider." [ECF No. 18, Ex. 3 at 7]. The court specifically noted that Petitioner presented no evidence to support his claims of perjured testimony. [*Id.*]

In Petitioner's second round of state habeas proceedings, he asserted, *inter alia*, that his habeas counsel, Mr. Shumate, provided ineffective assistance of counsel in his omnibus proceeding by not presenting evidence concerning the failure to impeach state witnesses and otherwise challenge the sufficiency of the evidence. [ECF No. 18. Ex. 7 at 8-9]. The circuit court denied the petition, finding that Petitioner "had the full and fair opportunity to raise each of these claims regarding trial counsel's assistance" in his earlier petition and that he was barred by *res judicata* from litigating them in another proceeding. [ECF No. 18, Ex. 8 at 7-8]. The court also found that Petitioner's factual allegations of ineffective assistance of habeas counsel were "skeletal" and that "there is no reasonable probability that, but for Mr. Shumate's actions, the results of the proceedings would have been any different[.]" [*Id.* at 8-9].

---

[6] In *Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981), the SCAWV held that an omnibus hearing under W. Va. Code § 53-4A-1 is *res judicata* as to all matters raised therein, or those claims which should have, with reasonable diligence, been known to the petitioner. The failure to raise claims under those circumstances may constitute a knowing and intelligent waiver of such claims and bar them from consideration in future proceedings.

Of note, Petitioner's second habeas appellate brief provided, for the first time, more details about his claim that trial counsel failed to attack conflicting testimony. Specifically, he asserted that counsel should have attacked inconsistencies in the grand jury and trial testimony of Captain Faber and Lieutenant Metz about whether Metz had been told at the scene that Petitioner was seen striking a cigarette lighter to set the fire. [ECF No. 18, Ex. 9 at 16-17]. His brief states, "At a minimum, Counsel should have attacked this inconsistency to show that Captain Faber's testimony was inherently incredible. Had this been effectively attacked, it could have undermined at least one juror's confidence in the outcome." [*Id.*] However, the SCAWV affirmed the denial of Petitioner's second state habeas petition, finding that the circuit court had "properly relied upon *Losh* to deny the instant petition" as Petitioner "attempted to use ineffective assistance of habeas counsel in the instant petition as a guise to relitigate issues previously waived and/or adjudicated." *Davis v. Ames*, No. 20-0897, 2021 WL 3833873, at *3 (W. Va. Aug. 27, 2021) (hereinafter, "*Davis III*") [*See also* ECF No. 18, Ex. 11 at 6].

C. **Petitioner's instant § 2254 petition.**

On May 18, 2022, Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) in which he alleges the following grounds for relief:

1. Insufficient evidence to support the conviction;

2. Ineffective assistance of trial counsel

    (a) failure to test exculpatory evidence; and

      (b)    failure to impeach witness testimony with prior inconsistent testimony;

3. Coercion "into testifying before it was time;"

4. Willful destruction of evidence by the State;

5. Failure to suppress Petitioner's statements to law enforcement;

6. Failure to grant a mistrial after a witness testified incorrectly;

7. Prejudicial pre-trial publicity.

[ECF No. 1 at 5, 7-8, 10, 16-18]. Petitioner subsequently amended his petition to include an eighth allegation of fabrication of evidence by the State. [ECF No. 8].

Through the instant motion to dismiss, Respondent asserts that Grounds 2(b) and 8 were not properly exhausted in the state courts and are now procedurally defaulted and barred from review. [ECF Nos. 18, 19]. Petitioner filed an objection and memorandum in opposition to Respondent's motion to dismiss. [ECF Nos. 21, 22]. Respondent did not file a reply brief.

## II. STANDARD OF REVIEW

"In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138-39 (4th Cir. 2009). As noted by Respondent, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint or petition. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). While the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" it must be sufficient to "'give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests.'" *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, to one that is "plausible on its face," rather than merely "conceivable," *id.* at 570. In considering such a motion, the Court takes the plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). Legal conclusions, however, enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion." *Walker*, 589 F.3d at 139. "Absent a valid excuse, a [federal] petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies." *Payne v. Ames*, No. 3:17cv123, 2020 WL 915889, at *2 (N.D. W. Va. Feb. 26, 2020) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)). Where it is doubtful or unclear that a petitioner has exhausted those remedies, then dismissal without prejudice is generally warranted. *Coleman v. Rollins*, 905 F.2d 1528, 1990 WL 74192 at *1 (4th Cir. 1990) (unpublished table decision).

### III.  DISCUSSION

Respondent's motion to dismiss asserts that the claims contained in Grounds 2(b) and 8 of Petitioner's § 2254 petition were not properly exhausted in the state

courts, are procedurally defaulted, and should be dismissed. [ECF No. 19 at 9].[7] In Ground 2(b) of his § 2254 petition, Petitioner claims that his trial counsel was ineffective by failing to impeach certain witness's testimony with prior inconsistent statements. Specifically, the petition states:

> Trial Counsel was ineffective in failing to challenge the testimony of investigating officers at trial through the use of their preliminary hearing and grand jury testimony. Using these instances of prior testimony would have shown a pattern of mistruths and inconsistencies that pervade Petitioner's case. Petitioner was prejudiced because he was convicted for crimes he did not commit.

[ECF No. 1 at 7]. In Ground 8, which was permitted as an amendment to the initial petition, Petitioner contends that the State used fabricated evidence in violation of his Fourteenth Amendment right to due process. Specifically, this claim alleges:

> At trial, the state presented faulty and fabricated scientific evidence. This is confirmed by the Lentini Report, enclosed herewith as Exhibit 1 to this amendment. Furthermore, the State (and its agents – the scientists) knowingly used faulty techniques to arrive at a conclusion that fits the narrative that *they* wanted to tell, as opposed to "seeking the truth."

[ECF No. 8 at 6]. Petitioner acknowledges that neither of these claims were exhausted through the state court process but contends that was due to ineffective assistance by his habeas counsel. He further contends that the failure to consider these claims is a miscarriage of justice because "the science proves that [he] is not guilty of the Arson and thus the Murder." [*Id.*]

---

[7] Although not explicitly stated in his motion documents, the court construes Respondent's position to be that all other grounds for relief asserted in Petitioner's amended § 2254 petition were properly exhausted, either through his direct appeal or his initial state court habeas corpus proceedings. The undersigned agrees that all such other claims were properly exhausted. Consequently, the court will not address those other claims herein and will order additional proceedings thereon by separate order.

A. **Exhaustion requirement.**

As noted in Respondent's brief, 28 U.S.C. § 2254(b)(1)(A) requires a prisoner to fairly present the substance of his federal claims in the state courts before presenting them in federal court. 28 U.S.C. § 2254(b)(1)(A); s*ee also Meadows v. Legursky*, 904 F.2d 903 (4th Cir. 1990), *superseded on other grounds by Trest v. Cain*, 522 U.S. 87 (1997); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). The principles of federal-state comity dictate that the state courts have the first opportunity to consider and correct any constitutional infirmity. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). [ECF No. 19 at 8].

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986). A petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV that is denied with prejudice following a determination on the merits will also exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

Additionally, Petitioner must show that the claims he raised in state proceedings are the same as the claims he now seeks to raise in his federal habeas proceeding. *See Pitchess v. Davis*, 421 U.S. 482, 487 (1975); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The claims in both courts must "fairly present" the "substance" of the claim, based upon the same factual grounds, and must allege that the same federal constitutional right was violated. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Respondent contends that Grounds 2(b) and 8 "have never been presented to or ruled upon by either a state circuit court or the [SCAWV]." [ECF No. 19 at 9].

A district court is generally unable to review a § 2254 petition unless there has been total exhaustion of all claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). When a petitioner presents a "mixed petition" containing both exhausted and unexhausted claims, the district court may (1) dismiss the petition in its entirety, (2) order a stay and abeyance while the petitioner exhausts the unexhausted claims in state court; or (3) allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 278-79 (2005). "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," the district court also may deny the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); *see also Buxton v. Ballard*, No. 3:16-cv-04489, 2017 WL 1538163, at *3 (S.D. W. Va. Apr. 4, 2017), *rep. & recommendation adopted*, No. 3:16-cv-04489, 2017 WL 1536448 (S.D. W. Va. Apr. 26, 2017). [ECF No. 19 at 9].

B.     Procedural default doctrine and exceptions thereto.

Respondent asserts that, because Petitioner did not properly exhaust Grounds 2(b) and 8, he is barred from pursuing them herein under the doctrine of procedural default – "an equitable doctrine that functions as a corollary to the § 2254 state habeas exhaustion requirement." *Dretke v. Haley*, 541 U.S. 386, 392 (2004). [*Id.*] The doctrine is based upon the general principle that in federal habeas proceedings, the Court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." *Id.* at 729-30.

Thus, the doctrine of procedural default bars litigation of claims in a federal habeas corpus petition that were not adjudicated on their merits in state court where such claims are barred from further litigation in state court by operation of a state procedural rule. *See Boothe v. Ballard*, No. 2:14-cv-25165, 2016 WL 1275054 *46 (S.D. W. Va. Mar. 31, 2016), *aff'd*, 670 F. App'x 193 (4th Cir., Nov. 18, 2016). However, "[t]he procedural default doctrine operates to bar a federal habeas claim 'only if the rule of procedure . . . is determined to be an adequate and independent state-law ground for decision.'" *Id.* at *47 (quoting *Thomas v. Davis*, 192 F.3d 445, 450 (4th Cir. 1999); *see also Maples v. Thomas*, 565 U.S. 266, 280 (2012) ("As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state

court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds.").

As noted by Respondent, the *Boothe* Court recognized that the *Losh* waiver under West Virginia law is "a firmly established principle" that is "regularly followed by the courts in West Virginia" and, thus, is an adequate and independent state procedural rule for the purposes of procedural default. *Id.* at \*49. [ECF No. 19 at 11]. Although Petitioner attempted to argue that his waiver of grounds for relief was not knowing and voluntary and that *Losh* was unfairly applied in his state habeas proceedings, the SCAWV disagreed and found that any unraised claims were barred by *res judicata*. *Davis III,* 2021 WL 3833873, at \*3-4. [*See also* ECF No. 18, Ex. 11 at 6].

Upon a comprehensive review of the record herein, the undersigned **FINDS** that Petitioner failed to properly exhaust Grounds 2(b) and 8 of his § 2254 petition and the state court decisions clearly demonstrate that those claims are procedurally defaulted.[8] However, "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012); *cf. Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) ("Although the doctrine of procedural default limits federal habeas review of state convictions, it does not provide an absolute bar."). In fact, the procedural default doctrine provides for two exceptions

---

[8] Petitioner's reply brief asserts that he exhausted Ground 2(b) by raising it in his second state habeas appeal. However, his failure to raise it at both levels of the state court proceedings was not proper exhaustion and renders it procedurally defaulted.

where a petitioner can show: (1) cause for the default and prejudice therefrom; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Richmond v. Polk*, 375 F.3d 309, 323 (4th Cir. 2004).

"Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the procedural rule. *Maples, supra*, 565 U.S. at 280. The Supreme Court has not "identified with precision exactly what constitutes 'cause' to excuse procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Generally, however, ineffective assistance of habeas counsel is not considered an external factor that would excuse the failure to exhaust a claim for habeas corpus relief. *See Maples*, 565 U.S. at 280 ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'") (citing *Coleman*, 501 U.S. at 753); *but see Martinez*, 566 U.S. at 9-10 (finding "cause" based upon counsel's failure to raise claims of ineffective assistance of trial counsel in initial habeas proceeding).

Although Petitioner's response engages in an exercise in semantics concerning the meaning of "exhausted," the parties appear to agree that a procedurally defaulted claim is "technically exhausted," but is nonetheless barred from review by a federal court, unless the Petitioner can adequately demonstrate cause for the default and prejudice therefrom or a miscarriage of justice sufficient to overcome the default. [ECF No. 19 at 10; ECF No. 22 at 1-2, 7]. Petitioner ultimately appears to concede that Grounds 2(b) and 8 of his amended petition are procedurally defaulted, but he

asserts that he can show cause and prejudice to overcome the default due to the ineffective assistance of his habeas counsel and an alleged miscarriage of justice stemming from his actual innocence. [ECF No. 22 at 5-7].[9]

        1.      Application of *Martinez* to Ground 2(b).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court established a "narrow" exception to procedural default, holding: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. Thus, a state prisoner may establish cause under *Martinez* by showing (1) that the defaulted ineffective-assistance-of-trial-counsel claim is "substantial," (2) that counsel in the initial state collateral-review proceeding was ineffective or absent, and (3) that state law required the ineffective-assistance-of-trial-counsel claim to be raised in the initial collateral-review proceeding as opposed to on direct review. *See Trevino v. Thaler*, 569 U.S. 413, 423 (2013). A "substantial claim" is one that has "some merit," a standard that the *Martinez* Court likened to that governing the issuance of a Certificate of Appealability under 28 U.S.C. § 2253(c)(2), which is that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[9] To the extent that Petitioner's reply brief argues about whether Ground 2(a) is also subject to a procedural default exception, as noted above, the undersigned **FINDS** that Ground 2(a) was properly exhausted through Petitioner's initial habeas corpus proceedings and, thus, there is no need to address such exceptions with respect to that claim.

encouragement to proceed further." *See Martinez*, 566 U.S. at 14 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)); *Owens v. Stirling*, 967 F.3d 396, 422–23 (4th Cir. 2020).

It is well-settled that West Virginia courts usually will not consider a claim of ineffective assistance of trial counsel on direct appeal, and generally defer such claims to review in a habeas corpus proceeding. *See, e.g., City of Philippi v. Weaver*, 540 S.E.2d 563, 568 (W. Va. 2000); *State v. Miller*, 476 S.E.2d 535, 558 (W. Va. 1996) ("[i]neffective assistance of counsel claims raised on direct appeal are presumptively subject to dismissal . . . . Such claims should be raised in a collateral proceeding rather than on direct appeal to promote development of a factual record sufficient for effective review."). Thus, Petitioner can satisfy the third prong of *Martinez*.

Turning to the other *Martinez* requirements, Petitioner claims that, during his initial habeas corpus proceedings, his habeas counsel ineffectively failed to assert this claim that his trial counsel ineffectively failed to impeach the law enforcement officers with their earlier inconsistent testimony. Thus, it appears that Petitioner can satisfy the second *Martinez* prong as well. However, the undersigned finds that the record presently before this court is incomplete and insufficient to permit the court to determine whether this claim of ineffective assistance of counsel is substantial. Specifically, the court finds that production of the trial transcript and pre-trial transcripts containing the allegedly inconsistent testimony of the law enforcement officers is necessary for the court to make a ruling concerning the application of the *Martinez* exception to this claim.

2. Application of "actual innocence" exception to Ground 8.

The *Martinez* exception, however, does not apply to Petitioner's claim in Ground 8, as it does not concern ineffective assistance of trial counsel. Rather, in Ground 8, Petitioner contends that the State used "fabricated" evidence against him. Petitioner contends that the opinion offered by his expert concerning the origin of the fire is the only plausible explanation of how the fire started and progressed and, thus, the opinion offered by the State Fire Marshal, that the fire was started on the front porch, is false and not scientifically sound. Consequently, Petitioner further argues that he is "actually innocent" of his crimes of conviction and that the failure to consider this claim would be a miscarriage of justice sufficient to excuse procedural default thereof.

To prove this exception, Petitioner must demonstrate that he is actually innocent of the charges for which he has been convicted. *Finch v. McKoy*, 914 F.3d 292, 294 (4th Cir. 2019); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (stating the exception "is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons" (internal quotation marks omitted)). "A valid actual innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Finch*, 914 F.3d at 298 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Petitioner "must also demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice." *Id.* (a federal court reviewing the totality of the evidence " 'is not bound by the rules of admissibility that would govern at trial' and must consider 'all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial'" (quoting *Schlup*, 513 U.S. at 327-28)). If Petitioner meets this "exceedingly difficult" standard, the court may consider the merits of the claim. *Id.*; *see also House v. Bell*, 547 U.S. 518, 538 (2006) ("[T]he *Schlup* standard is demanding and permits review only in the extraordinary case." (citation and internal quotation marks omitted)). However, because the trial transcript is not presently part of the record before this court, the undersigned cannot determine from the present record whether the miscarriage of justice exception should apply to this claim.[10]

Accordingly, the undersigned **FINDS** that supplementation of the record and additional briefing concerning the application of the *Martinez* and miscarriage of justice exceptions to procedural is necessary and that Respondent's motion to dismiss is not proper for resolution. Therefore, it is hereby **ORDERED** that Respondent's Motion to Dismiss [ECF No. 18] is **DENIED WITHOUT PREJUDICE.** This matter remains referred to Magistrate Judge Dwane L. Tinsley for further proceedings concerning all claims raised in Petitioner's amended § 2254 petition.

---

[10] For example, it is unclear whether the "Lentini Report" upon which Petitioner seeks to rely was available and presented at trial.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 13, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE