IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONALD C. DAVIS,

      Petitioner,

v.    Case No.  2:22-cv-00228

JONATHAN FRAME, Superintendent,
Mount Olive Correctional Complex,[1]

      Respondent.

MEMORANDUM OPINION AND ORDER

On May 18, 2022, Ronald C. Davis (hereinafter "Davis" or "Petitioner"), an inmate at the Mount Olive Correctional Complex, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [ECF No. 1].  Petitioner is now represented by counsel through the West Virginia Innocence Project ("WVIP"). Pending before the Court is Petitioner's Motion to Hold Habeas Corpus Petition in Abeyance [ECF No. 32], in which Petitioner requests that this civil action be stayed and held in abeyance while Petitioner returns to the state courts to seek additional relief under the forensic science provisions of W. Va. Code § 53-4A-1(b) and (c).

As noted in Petitioner's present motion, the Supreme Court's decision in *Rhines v. Weber* permits a district court to stay a habeas corpus claim when (l) the

---

[1]  Jonathan Frame is the current Superintendent at the Mount Olive Correctional Complex. Accordingly, the Clerk is directed to substitute Frame as the proper respondent herein, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

petitioner had good cause for failing to exhaust all claims presented in the federal petition; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. 269, 278 (2005). [ECF No. 32 at 2]. A stay and abeyance is appropriate "under any circumstances that could warrant a state court resolution of a prisoner's claims." [*Id.*, quoting *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092 (4th Cir. Aug. 10, 2011) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005))].

As set forth more fully in Petitioner's motion, the WVIP is seeking to conduct expert forensic testing on the boots Petitioner was wearing on the night of the fire that is the subject of Petitioner's murder and arson convictions, which have recently been rediscovered, and as asserted by Petitioner, may provide exculpatory evidence. According to Petitioner's motion, the testing will take some time and, under the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2244 and 2254, Petitioner would be barred from returning to federal court after exhausting his claims in state court if his § 2254 petition is not stayed and held in abeyance. [ECF No. 32 at 3]. Respondent does not oppose this proposed stay and abeyance. [*Id.* at 4].

For reasons appearing to the Court, the referral of this matter to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) is **WITHDRAWN** and Petitioner's Motion to Hold Habeas Petition in Abeyance [ECF No. 32] is **GRANTED**. It is hereby **ORDERED** that this civil action is **STAYED** and

Petitioner's Section 2254 petition is **HELD IN ABEYANCE**, pending his exhaustion of additional available state court remedies.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record and the Magistrate Judge and to remove this matter from the active docket pending further order of the Court.

ENTER: February 28, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE